N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TORRES ADVANCED ENTERPRISE
SOLUTIONS, LLC
7389 Lee Highway, Suite 340
Falls Church, VA 22042,

    Plaintiff,

v.

UNITED STATES
through the GOVERNMENT
ACCOUNTABILITY OFFICE
441 G St., NW
Washington, DC 20548,

    Defendant

Civil Action No.:

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TORRES ADVANCED ENTERPRISE SOLUTIONS, LLC ("Torres AES" or the "Company"), by and through its undersigned counsel, files this Complaint for declaratory and injunctive relief and alleges as follows:

## NATURE OF THE CASE

1. This case concerns whether the United States Government Accountability Office ("GAO") may disclose source-selection and other confidential information disclosed or created during the course of a government contract solicitation and bid process.

2. Plaintiff Torres AES brings this action challenging the arbitrary and capricious decision of Defendant, the United States, acting by and through the GAO, to release a completely unredacted GAO bid protest decision containing confidential and protected information in

violation of its applicable law, its own regulations, and the applicable administrative protective order.

3. The GAO's decision to release Torres AES' protected information violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). GAO's action is arbitrary and capricious because the information to be released falls within Exemptions 3, 4, and 5 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(4), and thus, under the well-established law in this Circuit, must be withheld from publication. The relevant information also is covered by the Trade Secrets Act ("TSA"), and thus the GAO decision to release its completely unredacted decision is "not in accordance with law" and in excess of its statutory authority. Because the GAO did not follow its own regulation, its decision to release a completely unredacted decision is arbitrary and capricious.

## **CONFIDENTIALITY OF FILINGS**

4. Torres AES will file a Motion to Seal, pursuant to Local Rule 5.1(j) and Local Rule 5.4(e)(2), and seek to file under seal: (i) a copy of the GAO decision; (ii) copies of Torres' AES proposed redactions to the GAO decision and accompanying letters. The Motion to Seal will respectfully request that this Court order the attachments thereto to be maintained as confidential (apart from the Complaint and the Motion to Seal itself which may be publicly disclosed).

5. The attachments to the Motion to Seal will be provided under seal to the Court in order to afford the Court an opportunity to review the confidential information and Torres AES' specific proposed redactions. The filing of the Complaint or the Motion to Seal in no way constitutes an authorization by Torres AES for the public disclosure of those attachments.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552 and 28 U.S.C. §§ 1331, 1346, and 1491(a) because this action arises under the APA against the United States and is founded upon Torres AES's protest of a contract award by the Department and upon the laws and regulations applicable to the GAO.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the Defendant's agency is located in the District of Columbia.

8. Torres AES has a direct economic interest in the confidentiality of Protected Information that relates to Torres AES. Torres AES's ability to compete for future government contracts will be prejudiced severely by the GAO's dissemination of Protected Information.

**PARTIES**

9. Plaintiff, Torres AES, is a Delaware limited liability company with its principal place of business located at 7389 Lee Highway, Suite 340, Falls Church, VA 22042.

10. Defendant is the United States, acting by and through the GAO, an independent agency. The GAO supports congressional oversight by, among other things, issuing legal decisions and opinions, such as bid protest rulings and reports on agency rules.

**FACTUAL BACKGROUND**

11. On May 15, 2015, the United States Department of State ("DOS") issued a request for proposals, which sought proposals to provide diplomatic security and protective services in elevated high risk/high threat environments in order to strengthen the Bureau of Diplomatic Security's security and protective posture in a surge or long-term capacity ("RFP" No. SAQMMA15R0282).

12. Torres AES submitted a proposal pursuant to the RFP, but a different offeror was awarded the contract(s).

13. Torres AES then submitted to the GAO a timely protest of the award of multiple indefinite-delivery, indefinite-quantity (IDIQ) contracts issued by the DOS pursuant to the RFP.

14. All proceedings under the bid protest were (and are) subject to an administrative protective order issued by the GAO on or about March 2, 2016 (the "APO"). A copy of the APO is attached hereto as Exhibit A. The APO prohibited the disclosure of "protected material."

15. On or about June 7, 2016, the GAO issued a decision concerning a bid protest filed by Torres AES (File No. B-412755.2) (the "Decision"). The Decision contained substantial material covered by the APO. Therefore, consistent with the APO, the GAO instructed interested parties to submit proposed redactions by June 17, 2016.

16. On June 17, 2016, Torres AES submitted its proposed redactions. Substantially all of the information proposed to be redacted consisted of source selection and other business competitive information. Federal law defines ''source selection information'' to mean:

> [A]ny of the following information prepared for use by a Federal agency for the purpose of evaluating a bid or proposal to enter into a Federal agency procurement contract, if that information has not been previously made available to the public or disclosed publicly:
>
> (A) Bid prices submitted in response to a Federal agency solicitation for sealed bids, or lists of those bid prices before public bid opening.
>
> (B) Proposed costs or prices submitted in response to a Federal agency solicitation, or lists of those proposed costs or prices.
>
> (C) Source selection plans.
>
> (D) Technical evaluation plans.
>
> (E) Technical evaluations of proposals.
>
> (F) Cost or price evaluations of proposals.
>
> (G) Competitive range determinations that identify proposals that have a reasonable chance of being selected for award of a contract.
>
> (H) Rankings of bids, proposals, or competitors.

>    (I) *The reports and evaluations of source selection panels, boards, or advisory councils;*
>
>    (J) Other information marked as ''source selection information'' based on a case-by-case determination by the head of the agency, his designee, or the contracting officer that its disclosure would jeopardize the integrity or successful completion of the Federal agency procurement to which the information relates.

41 U.S.C. § 423(f)(2) (emphasis added); *see similarly* 41 U.S.C. § 2101; 48 C.F.R. ("FAR") 2.101 (definitions). The information that Torres AES sought to redact was submitted by Torres or the government as "protected material" under the APO.

17.     On June 20, 2016, Torres AES received notice that the GAO disagreed with all of Torres AES' proposed redactions. In its email to counsel, the GAO directed Torres to submit by June 22, 2016, its "objections <u>supported by legal citation</u> explaining why the proposed information should be redacted."

18.     On June 22, 2016, Torres AES submitted a letter explaining its proposed redactions. In its letter, Torres AES also requested that if the agency continued to disagree with Torres AES' proposed redactions, that it provide Torres AES reasonable notice so that it could seek judicial review of the agency's determination.

19.     On June 28, 2016, the GAO issued a statement that it did not concur with any of Torres AES' proposed redactions and informing Torres AES that the GAO would release the completely unredacted Decision on June 30, 2016, a mere two days later.

20.     The basis for the GAO's decision to release the completely unredacted Decision was a guideline contained in the GAO's bid protest guide. *See* <u>Bid Protests at GAO: A Descriptive Guide</u>, at 29, available at <u>http://www.gao.gov/assets/210/203631.pdf</u>.

21.     But the guidelines published by the GAO are not regulations and, in fact, contradict the governing regulation. The governing regulation, 4 C.F.R. § 21.12, requires the GAO to redact protected information wherever possible. Specifically, it provides that a copy of

any decision shall be made available to the public, but further provides that the public version should "omit[] the protected information":

> (a) *Unless it contains protected information*, a copy of a decision shall be provided to the protester, any intervenors, and the agency involved; a copy also shall be made available to the public. *A copy of a decision containing protected information shall be provided only to the agency and to individuals admitted to any protective order issued in the protest*. A public version omitting the protected information *shall be prepared wherever possible*.

4 C.F.R. § 21.12 (Distribution of decisions) (emphasis added). The regulation does not contain any exception that exempts certain types of material.

22. The information that Torres AES proposed to redact consists primarily of protected material such as source selection analysis, including "reports and evaluations of source selection panels, boards, or advisory councils…" That information includes non-public location and performance data from source selection reports such as the non-public Contractor Performance Assessment Reporting System (CPARS) reports and/or Defense Contract Management Agency (DCMA) reports, and past performance questionnaires (PPQ) solicited by the source-selection officer.

23. All CPARS information is treated as "For Official Use Only/Source Selection Information" in accordance with FAR 2.101 and 3.104 and 42.1503. A Contractor Performance Assessment Report (CPAR) is source selection information because it supports ongoing source selections. It contains sensitive data concerning a contractor's performance under a specific business arrangement as covered by the FAR. A CPAR also has the unique characteristic of always being predecisional in nature.

24. CPARS, DCMA and PPQ information constitutes inter-agency or intra agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency as set forth in 5 U.S.C. § 552(b)(5).

25.     The United States has acknowledged that contractor performance information is privileged source selection information. *See e.g.,* June 16, 2016 GUIDANCE FOR THE CONTRACTOR PERFORMANCE ASSESSMENT REPORTING SYSTEM (CPARS), available at https://www.cpars.gov/pdfs/CPARS-Guidance.pdf. As CPAR evaluations "may be used to support future award decisions, the completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated. This information is not releasable under the Freedom of Information Act (FOIA)." The CPARS Guidance further provides that performance evaluations may be withheld from public disclosure as they are procurement sensitive.

26.     All of that information was disclosed in the underlying protest subject to the APO and marked as "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER" (*e.g.* AR Legal Memorandum; Protestor's Comments on AR) or "CONTAINS PROTECTED MATERIAL COVERED BY GAO PROTECTIVE ORDER" (*e.g.,* Contracting Officer's Statement of Facts). Neither the GAO nor the Department challenged any of those confidentiality markings.

27.     The governing regulation, 4 C.F.R. § 21.12, and the GAO bid protest guide are in direct conflict. Whereas the regulation provides that <u>all</u> protected information shall be redacted wherever possible, the guide relied upon by the GAO in this case provides for the redaction of only a subset of such information, with no effort to tie the agency's guidelines to any authorizing statute or regulation.

28.     Even if the GAO guide were consistent with the regulation, the GAO did not apply it here to redact non-public source-selection information. Instead, it made an arbitrary

determination that source-selection information need not be protected, stating: "[W]e do not believe that the information proposed for redaction, to the extent it could be characterized as proprietary or source selection sensitive, is entitled to continued protection in order to safeguard the competition process.  For example, our decision does not require the agency to engage in a re-competition of the requirement here, such that continued protection of the information may be necessary to safeguard the competitive process in this specific matter."  June 28, 2016 email from K. Elizabeth Witwer to Torres AES counsel.

29.     The GAO arbitrarily determined that only information relevant to the competitive process *in this specific matter* should be protected from the disclosure. Nothing in the applicable regulation or bid protest guidelines limits the protection of Protected Information to a specific matter.

30.     The Federal Acquisition Regulations ("FAR") specifically recognize the need for protection of confidential information beyond the life of a single solicitation or protest.  Since contractor assessments such as CPARS (see FAR 42.1501(b)) may be used to support future award decisions, FAR 42.1503(d) requires that such assessments be marked "Source Selection Information."  FAR 42.1503(d) further dictates that any "completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information."  Id. (emphasis added).  The rationale for handling information in this manner is stated in the FAR itself: disclosure could (i) cause harm to the commercial interest of the Government, (ii) cause harm to the competitive position of the contractor being evaluated, and (iii) impede the efficiency of government operations.  FAR 42.1503(d).

31. The information that Torres AES sought to redact will prejudice it in competitively bidding on future bids for government contracts. By refusing to redact such source-selection information, the government unfairly chills bidders from filing bid protests out of concerns that their ability to compete fairly for future contracts will be compromised.

## COUNT 1- ADMINISTRATIVE PROCEDURE ACT
**(Release is Arbitrary and Capricious and in Excess of Statutory Authority)**

32. Torres AES incorporates by reference all the preceding paragraphs.

33. The GAO's decision to release its Decision in unredacted form is a final agency action within the meaning of 5 U.S.C. § 704, and is thus a reviewable action as defined by the APA. Torres AES has exhausted all available administrative remedies.

34. The protected material that GAO seeks to disclose to the public contains protected material and confidential commercial information--*i.e.* source-selection information, non-public agency interviews and similar reports. Both the government and Torres AES have continuously maintained this information as confidential.

35. The GAO's governing regulations prohibit the release of such information "wherever possible." In addition, the GAO may not disclose to the public any information falling within the coextensive scope of the Trade Secrets Act and FOIA Exemptions 3, 4, and 5.

36. Torres AES will likely suffer irreparable harm if GAO releases this protected material, which could then be used by Torres AES' commercial competitors in future contract competitions.

37. Therefore, unless such information is redacted, GAO is not authorized by its own regulations or FOIA to disclose the protected material.

38. GAO cites no other statutory or regulatory authority authorizing the disclosure of protected material. To the contrary, in its June 28, 2016 explanation to Torres, GAO asserted that it made a unilateral decision that the protected material no longer needed protection in the underlying protest action, without consideration of the applicable regulation, the APO, or the commercial impact on Torres (or the government).

39. The GAO proposes to release its decision in unredacted form on June 30, 2016, a bare two-days' notice to Torres AES. Such a brief notice is insufficient to provide Torres AES a meaningful opportunity to seek judicial review of the agency's decision, and is thus arbitrary and capricious.

40. The proposed GAO release is unlawful because it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A) because it contradicts applicable GAO and FAR regulations. It also is unlawful because it is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right within the meaning of 5 U.S.C. § 706(2)(C). Accordingly, Torres AES is entitled to and seeks a declaration that the GAO Decision is unlawful and a permanent injunction barring the GAO's release of the Decision without the redactions proposed by Torres AES or as otherwise agreed by the parties.

### COUNT II
**(Declaratory Relief)**

41. Torres AES incorporates by reference all the preceding paragraphs.

42. There is an actual controversy between the GAO and Torres AES concerning the release of protected material in the Decision.

43. A declaration that the GAO's proposed release of the Decision in unredacted form is arbitration and capricious would provide relief to Torres AES and provide the basis for permanent injunctive relief.

44. Declarative and injunctive relief in connection with a merits decision is appropriate in this case because the GAO's release will irreparably harm Torres AES by making confidential, protected material public and will materially hinder the Company's ability to compete on future contracts.

45. Injunctive relief is in the public interest because it will ensure that the GAO complies with its own governing regulations and applicable law, including 41 U.S.C. § 2102.

46. Injunctive relief is appropriate because Torres AES has made a prima facie showing that the GAO has acted in contravention of its own regulations, in violation of the Administrative Procedures Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Torres AES prays that this Court grant the following relief:

1. A temporary restraining order preventing the GAO from releasing the Decision in unredacted form;

2. A declaratory judgment that the GAO's determination not to redact the Protected Information contained in the Decision is arbitrary, capricious, an abuse of discretion; otherwise contrary to law; and in excess of GAO's statutory authority;

3. Injunctive relief requiring the GAO to accept the redactions proposed by Torres AES prior to GAO's release of its Decision to the public; and

4. Such other relief as this Court deems just and proper.

Dated: June 29, 2016                    Respectfully submitted,


    /S/ George Calhoun
A. Jeff Ifrah (DC Bar 456661)
jeff@ifrahlaw.com
George R. Calhoun V (DC Bar 459717)
george@ifrahlaw.com
IFRAH PLLC
1717 Pennsylvania Ave. NW
Suite 650
Washington, D.C. 20006
(202) 524-4140 – Tel.
(202) 524-4141 – Fax

*Counsel for Torres Advanced Enterprise Solutions, LLC*